UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WANDA CONNERS                              CIVIL ACTION

VERSUS                                     NO: 07-4026

UNITED STATES OF AMERICA, ET AL.           SECTION: "R"(3)

## ORDER AND REASONS

Before the Court are the motions of the United States of America to dismiss plaintiff's claims against the United States for lack of subject matter jurisdiction and to dismiss the Department of Homeland Security as an improperly named defendant. Plaintiff does not oppose the motions, but requests that the Court dismiss its claims against the United States without prejudice. For the following reasons, the Court GRANTS defendant's motions to dismiss.

Plaintiff sustained injuries when Clovis Counts, an employee of the Department of Homeland Security, struck plaintiff's vehicle on Interstate 10. On August 8, 2007, plaintiff sued

Counts, the Department of Homeland Security, and DTG Operations, Inc., the owner of the vehicle Counts was driving. (Compl. ¶¶ 5-6, R. Doc. 1).  Plaintiff also filed an administrative tort claim with the Transportation Security Administration on August 10, 2007. (R. Doc. 18-4 ¶ 4).  On October 25, 2007, the Court granted the motion of the United States to be substituted as a named defendant in place of Clovis Counts. (R. Doc. 14).

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

The United States moves to dismiss for lack of subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies prior to filing suit.  Plaintiff agrees that she has not obtained a final denial of her administrative claim and that her Federal Tort Claims Act action is premature.

2

*See* 28 U.S.C. § 2675(a) (barring a tort action for damages until plaintiff's administrative claim has "been finally denied by the agency" or the agency has failed "to make final disposition of a claim within six months").  The United States also moves to dismiss the Department of Homeland Security as an improper party under the Federal Tort Claims Act. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.").

The Court finds that it does not have jurisdiction over plaintiff's claims against either the United States or the Department of Homeland Security. *See id.* ("an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").  Accordingly, the Court GRANTS defendant's motions.  Plaintiff's claims against the United States are DISMISSED WITHOUT PREJUDICE and the Department of Homeland Security is DISMISSED as an improperly named defendant.

New Orleans, Louisiana, this 26th day of December, 2007.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3