UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

WANDA CONNERS                                CIVIL ACTION

VERSUS                                       NO: 07-4026

UNITED STATES OF AMERICA, ET AL.             SECTION: "R"(3)


## ORDER AND REASONS

Before the Court is the motion of defendant DTG Operations, Inc. to bifurcate the trial pursuant to Federal Rule of Civil Procedure 42(b). Plaintiff Wanda Conners and defendant the United States of America oppose the motion. For the following reasons, the Court denies DTG's motion to bifurcate.

Plaintiff sustained injuries when Clovis Counts, an employee of the Department of Homeland Security, struck plaintiff's vehicle on Interstate 10. On August 8, 2007, plaintiff sued Counts, the Department of Homeland Security, and DTG Operations, Inc., the owner of the vehicle Counts was driving. (Compl. ¶¶ 5-6, R. Doc. 1). On October 25, 2007, the Court granted the motion

of the United States to be substituted as a named defendant in place of Clovis Counts. (R. Doc. 14).

DTG Operations moves to bifurcate the trial and to try the issues of liability and damages separately.  Defendant contends that if liability is determined first, the matter may be dismissed or may settle more easily.  Rule 42(b) provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

FED. R. CIV. P. 42(b).  Separate trials should nevertheless be the exception, not the rule. *See Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 114-15 (E.D. La. 1992) (ultimately courts should not order separate trials "unless such a disposition is clearly necessary") (citation omitted).  In fact, the Fifth Circuit has established an important limitation on when a district court may order separate trials. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir.1993) (citations omitted).  A court should not bifurcate claims unless the issue to be tried separately is "so distinct and separate from the others that a trial of it alone may be had without injustice." *See id.* (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th

Cir. 1964)).  Essentially, courts must consider the justifications for bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate. *See Laitram*, 791 F.Supp. at 115 (court expected to exercise its discretion under Rule 42 on a case-by-case basis).

The Scheduling Order provides that this trial, including the liability and damages portion, is estimated to last three days. (*See* Scheduling Order, R. Doc. 21 at 3.)  Plaintiff states in her opposition that the damages portion of the trial will not be lengthy, as she expects to call only two medical doctors to testify as to her damages.  DTG Operations does not allege that it will be prejudiced if the Court tries liability with damages. Rather, it contends that bifurcation will "economize this Honorable Court's time." (DTG Mot., R. Doc. 38-2 at 2.)

The Court finds that bifurcation will not promote judicial efficiency but will unduly prolong the proceedings.  Bifurcation would result in the parties' presenting duplicative testimony regarding the accident and plaintiff's injuries.  The Court therefore denies defendant's motion for a bifurcated trial.

New Orleans, Louisiana, this 31st day of July, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE